J. H. MITCHELL v. ELIZABETH RIVER LUMBER COMPANY ET ALS.

(Filed 26 September, 1917.)

1. **Partnership — Railroads—Contracts—Timber—Independent Contractor — Fires.**

   Where a party owning a timber contract, with the right to operate a railroad thereon, enters into a contract with another to furnish the railroad track and equipment, and with yet another to do the cutting and hauling of the timber, the liability for negligence of the latter in causing damages by fire to the plaintiff's land is not confined solely to him, notwithstanding a clause in the tripartite agreement that he was to do this work as an independent contractor, it appearing therein that each was to be compensated out of the profits, and the liability of each is that arising under a partnership.

2. **Railroads—Lessor and Lessee—Negligence—Fires.**

   Where the owner of a railroad on the lands of another under a timber contract agrees that yet another should cut the timber and haul the same over the railroad, and have control over its operation, fixing the compen-

sation of each out of the profits, the arrangement amounts to a lease of the railroad property, making the lessor responsible in damages caused by lessee's negligence in setting fire to the plaintiff's lands.

APPEAL by defendants from *Allen, J.,* at April Term, 1917, of HERT-FORD.

*Winborne & Winborne and W. W. Rogers for plaintiff.*
*D. C. Brown, G. E. Midyette & Burgwyn for defendant Lumber Company.*
*D. C. Barnes and G. E. Midyette & Burgwyn for defendant Bradshaw.*

CLARK, C. J.  This is an action for the negligent burning of plaintiff's woods.  The defendant company owned the lease of the plaintiff's timber on the Willoughby tract under a timber contract and a right of way across it to remove the timber therefrom as well as timber from other tracts.  On said right of way the defendant Bradshaw had laid down the iron and furnished an engine and was operating a lumber road to his mill plant.  On 4 February, 1914, there was a tripartite contract entered into between the Lumber Company and one T. W. Davis and the defendant Bradshaw, the purport of which was that the Lumber Company put in its timber contract and right of way; the defendant Bradshaw put in the engine, railroad track, and sawmill, which he was operating, and Davis was to cut the timber, haul it and saw it up into lumber, and load it on the cars at Ahoskie for shipment to Norfolk, for which service the Lumber Company was to pay him $8.50 per thousand feet, out of which sum it was to deduct, however, $1.50 per thousand feet to pay the party of the second part for the use of the sawmill, engine and railroad track, called "mill equipment."  It was stipulated in the contract that said T. W. Davis was to be an independent contractor, and that neither the Lumber Company nor Bradshaw was to be "responsible to any person for any damage, injury, or loss occasioned to, or sustained by, such persons on account of, or in connection with, the work to be done by the party of the second part," the said Davis.

We are of opinion that the contract on its face shows a partnership by which each of the three parties put into business what is above recited. It seems that Davis was irresponsible, and he is not sued in this action. The object seems to have been by this means to prevent all liability on the part of the owner of the timber and the owner of the sawmill, railroad engine and track for negligence or otherwise, and to let that fall upon Davis by the device of calling him an "independent contractor."

The court charged the jury that "If the operator of said railroad negligently permitted the right of way to become foul with combustible matter, and the leaves, straw, etc., on the right of way caught fire from

coals falling from the ash pan of said engine or caught from sparks of the engine, and the fire burned over and damaged plaintiff's land, the defendant Lumber Company would be liable for said damage, notwithstanding Davis was an independent contractor operating the road." To this the defendant Lumber Company excepted.

The court also charged the jury: "If you find from the evidence that the defendant Bradshaw furnished or rented to T. W. Davis his railroad on plaintiff's land and material to build or extend said railroad to other lands in order to remove the timber over the plaintiff's land to the A. C. L. R. R. under the contract between the Elizabeth River Lumber Company, Bradshaw and Davis negligently kept a foul right of the track with combustible matter thereon, with no spark arrester on the engine, and live coals were allowed to fall out of the defendant's firebox or ash pan on the railroad track and put out fire, which burned over the plaintiff's land to his injury, then Bradshaw would be equally liable to plaintiff with the defendant Lumber Company for damage, if any done him by the fire." To this the defendant Bradshaw excepted.

In neither of these instructions do we find any error. "The lessor of a railroad is liable for the negligence of the lessee in the operation of the road." *Harden v. R. R.,* 129 N. C., 354; *Logan v. R. R.,* 116 N. C., 944, and many other cases.

In the present instance the Lumber Company owned the timber and the right of way. It did not convey away either, and the defendant Bradshaw laid down the track and furnished the engine and cars and was operating the road on the Lumber Company's right of way and the sawmill. They were practically, therefore, a partnership operating said railroad to get out the Lumber Company's timber to market. The operation of the railroad and mill plant by Davis, who seems to have been irresponsible, cannot have the effect to relieve the other two defendants from liability from negligence either as to employees or the owner of the land whose woods were set fire to by the negligence in the operation of the engine. If this could be done it would be a very simple device to put some nominal or irresponsible party in the control of the railroad and mill plant and thereby exempt the owners of the same from all liability.

The other exceptions require no discussion.

No error.

HOKE, J., concurring in result.